<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SIMON ZAROUR, | : |
| Plaintiff, | : Civil Action No. 13-6384 (FLW) (DEA) |
| v. | : |
| AMERICAN SECURITY INSURANCE COMPANY, | : **MEMORANDUM OPINION & ORDER** |
| Defendant. | : |

**<u>ARPERT, Magistrate Judge.</u>**

This matter comes before the Court by way of a motion by Plaintiff, Simon Zarour, for an order extending discovery by 180 days and permitting Plaintiff to produce an expert report regarding mold contamination of the subject property allegedly caused by Superstorm Sandy. Defendant, American Security Insurance Company, opposes the motion and has cross-moved to preclude Plaintiff from claiming any damages in excess of those that Plaintiff had disclosed as of February 6, 2015, the deadline for Plaintiff to amend/supplement his Rule 26 initial disclosures.

**I. <u>Background</u>**

Plaintiff filed his Complaint in this matter in October 2013 seeking recovery pursuant to a homeowners' insurance policy with respect a home located in Monmouth Beach, New Jersey. The Complaint alleges that the home sustained wind and wind-driven rain damage as a result of Superstorm Sandy in October 2012. Defendant filed its Answer on January 31, 2014. ECF No. 3.

The Court entered a Pretrial Scheduling Order on May 28, 2014. This Order directed that the parties' Rule 26 initial disclosures be served by June 6, 2014, fact discovery be completed by October 1, 2014 and expert reports be served in November and December 2014. ECF No. 12.

On or about July 22, 2014, Plaintiff served his Rule 26 initial disclosures. In these disclosures, Plaintiff states that he "seeks to recover wind damage under wind policy of insurance … in the amount of $620,224.46." ECF No. 26-2 at 2.

In November 2014, Defendant, with consent of Plaintiff, requested an extension of the existing discovery deadlines. On November 25, 2014, the Court entered an Order extending fact discovery until February 2, 2015, and reset the deadline for affirmative and responsive expert reports to February 16, 2015 and March 18, 2015, respectively.

In December 2014 Defendant took Plaintiff's deposition at which Plaintiff noted that his Rule 26 disclosures regarding damages were incorrect and erroneously relied upon an estimate of flood damage. ECF No. 26-5. Plaintiff also discussed the possibility of mold damage. *Id.*

On January 22, 2015, the Court entered a Revised Pretrial Scheduling Order. ECF No. 19. Pursuant to this Order, fact discovery was extended to April 30, 2015, the deadline to complete expert discovery was reset to July 15, 2015, and Plaintiff was given until February 6, 2015 to amend or supplement his Rule 26 disclosures. Plaintiff did not, however, amend or supplement his disclosures prior to the February 6, 2015 deadline.

On February 22, 2015, Plaintiff notified Defendant that he had retained the services of an expert regarding alleged Sandy-related mold contamination at the subject property. ECF No. 26-6. On February 26, 2015, Plaintiff served Defendant with a report stating that Plaintiff's wind-related damages amounted to $1,062,915.47.

2

On March 13, 2015, Plaintiff filed the instant motion and shortly thereafter Defendant filed its cross-motion.  On April 27, 2015, the Court entered a Second Revised Pretrial Scheduling Order setting a briefing schedule for the cross-motion, extending fact discovery until June 15, 2015, and extending expert discovery to August 14, 2015.

Defendant took the continued deposition of Plaintiff on June 11, 2015.  On June 15, 2015, the deadline for serving affirmative expert reports and the last day of fact discovery, Plaintiff served expert reports regarding damages that opined that a complete rebuilding of the property was required (as opposed to repairing existing damage) at a cost of $3.9 million.  Two days later, on June 17, 2015, Plaintiff send a letter "amend[ing]" and "supplement[ing]" his Rule 26 disclosures to name two experts and add three expert reports.

## II.  Discussion

In his original motion, Plaintiff sought an Order extending fact discovery 180 days.  Plaintiff acknowledges, however, that his request was later rendered moot by the Court's April 27th scheduling order extending discovery deadlines.  *See* ECF No. 28 at ¶ 19 (Plaintiff acknowledging that his application is moot).  Plaintiff further seeks to assert claims regarding mold contamination, while Defendant seeks to preclude Plaintiff from claiming *any* damages in this action that Plaintiff failed to disclose prior to the Court-ordered deadline of February 6, 2015 for amending Rule 26 initial disclosures.

Plaintiff's assertion of damages in this matter has been something of a moving target.  In a report dated several months prior to the commencement of this litigation prepared by architect Soli Foger, total costs to "repair" the subject property were estimated to be $958,500.  ECF No. 33-2 (Soli Foger Report dated January 2013).  Subsequently, in the Rule 26 disclosures served by Plaintiff on July 22, 2014, Plaintiff stated that he was seeking to recover "wind damage" in

3

the amount of $620,224.46. Plaintiff later advised that this figure was incorrect, stating that the amount was his expert's assessment of flood damages as opposed to wind damages. *See* ECF No. 26-5 (January 20, 2015 letter). Consequently, at a status conference on January 22, 2015, Plaintiff requested a 90-day extension of discovery to obtain a new wind damages report and investigate mold damage. Defendant, in response, requested that the Court order Plaintiff to update his Rule 26 disclosures to identify all of the damages being claimed in this litigation, including both wind and mold damages. ECF No. 26-1 at ¶ 18. Defendant argued that it had already been prejudiced by having taken Plaintiff's deposition without notice of any mold damage claim and without notice of the inaccurate Rule 26 disclosure regarding claimed wind damage. The Court granted the parties' requests and issued a revised scheduling order that extended discovery deadlines and ordered that "Plaintiff shall supplement or amend his Rule 26 disclosures by February 6, 2015."

Despite having stated that his Rule 26 disclosures were inaccurate, Plaintiff neither supplemented nor amended the disclosures by the Court-ordered deadline. However, on February 6, Plaintiff served Defendants with a "draft" report showing wind damages on the property to be $816,965.81. ECF 26-1 at ¶ 25. Thereafter, on February 26, 2015, Plaintiff served "the final report of Plaintiff's damages expert, Halley Lovato," who opined that damage to the structure totaled $1,062,915.47. ECF No. 33-5.

Several months later, on June 15, 2015, which was the last day of fact discovery (after entry of a second scheduling order extending the discovery period) as well as the deadline for serving affirmative expert reports, Plaintiff served a revised expert report from architect Soli Foger, who now opined that "a complete groundup rebuilding is needed." ECF No. 33-7. An expert report from David Charles served at the same time put the cost of rebuilding at $3.9

4

million.  ECF No. 33-8.  Thereafter, on June 17, 2015, nearly four months after his deadline to do so, Plaintiff sent a letter to Defendant purporting to amend his Rule 26 disclosures to add two additional experts and incorporate the aforementioned reports.

Rule 26 requires parties to exchange as part of their initial disclosures, among other material, "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii).  In addition, the disclosing party must make available for inspection and copying "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  This disclosure must be made "based on the information then reasonably available to [the disclosing party]," and is not excused because the disclosing party has not fully investigated the case.  Fed. R. Civ. P. 26(a)(1)(E).   The disclosing party has an obligation under the rules to timely supplement its disclosures if it learns that they are incorrect or incomplete.  Fed. R. Civ. P. 26(e)(1)(A).

Defendant here argues that Plaintiff should not be permitted to radically alter his damages claims on the last day of fact discovery in this case.  Defendant complains that Plaintiff failed to supplement or amend his initial disclosures regarding damages despite not only having this obligation under the rules, but also in the face of a Court-ordered deadline to do so.  Indeed, Plaintiff's claim for damages changed drastically on June 15, 2015 in both type and amount.  First, all of Plaintiff's disclosures prior to June 15th indicated that Plaintiff was seeking damages based upon *repairing* wind-related damage to the subject property, not to perform a complete *rebuild*.  Moreover, the amount of damages alleged by Plaintiff on June 15th is more than *six times* the amount asserted in his Rule 26 initial disclosures, and nearly four times the amount identified in the "final report" of Plaintiff's damages expert served in February 2015.

5

In order to ensure compliance with the mandatory disclosure requirements of Rule 26 and further the Rule's goal of preventing unfair surprise, Rule 37(c) provides that if a party fails to provide information required by Rule 26(a) or (e), that party "is not allowed to use that information ... unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Furthermore, where a party fails to comply with a court's discovery order, Rule 37 permits a court to prohibit the disobedient party "from supporting … designated claims …, or from introducing designated matters into evidence. Fed. R. Civ. P. 37(b)(2).

Prior to excluding evidence under Rule 37, the Third Circuit has held that a district court must consider four factors: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Having carefully considered these factors under the facts of the instant case, the Court finds that Plaintiff should be precluded from claiming any damages that he failed to disclose prior to February 6, 2015.

First, because Plaintiff did not disclose his claim for a complete rebuilding of his property until the last day of fact discovery, Defendant would be prejudiced if such a claim is allowed to proceed. As Defendant notes, all of its discovery in this matter was taken without the benefit of knowing that Plaintiff was claiming damages for rebuilding the property. As a result, Defendant would not have had reason to investigate through the course of discovery whether, for example, other, non-wind-related events (*e.g.*, flooding) contributed to the need to rebuild the property, or whether a complete rebuild is required at all. Indeed, there is a wide range of discovery that

6

Plaintiff's newly-stated claim for a complete rebuild would require Defendant to undertake. *See* ECF No. 33 at 11-13.

Second, any ability to cure this prejudice to Defendant would require reopening fact discovery for a significant period of time. However, even this might not entirely cure any prejudice, as certain demolition and repair work has been performed on the property since March 2015 when the property suffered a frozen pipe event, and as a result Defendant's ability to conduct the necessary investigation will be somewhat hampered.

Third, allowing Plaintiff's new damages claim would require reopening discovery after nearly two years of litigation (and prior extensions of the discovery period), and it would, therefore, disrupt the orderly and efficient trial of this case.

Finally, Plaintiff has shown an unwillingness to abide by the Federal Rules and this Court's Orders. For example, Plaintiff acknowledged as early as December 2014 (at Plaintiff's deposition) that his initial disclosures contained an incorrect statement of damages, yet he took no steps to correct them despite his obligation to do so. As a result, at the January 2015 status conference, this Court ordered that Plaintiff supplement or amend his Rule 26 disclosures by February 6, 2015. This Order was clear that "[f]ailure to comply with any of the terms may result in sanctions." ECF No. 19. Yet, again, Plaintiff failed to amend or supplement his disclosures.

In response[1] to Defendant's motion, Plaintiff argues that he did not have notice of certain concealed damages (*e.g.*, mold) until late in this litigation and did not undertake to find such

---

[1] The Court notes that Plaintiff's response to the cross-motion (ECF No. 28) as well has Plaintiff's initial motion (ECF No. 25) each rely upon a certification of Richard Guss, Esq. These certifications violate Local Civil Rule 7.2 in that they contain Plaintiff's arguments. Local Rule 7.2(a) is clear that certifications are "restricted to statements of fact within the personal knowledge of the signatory" and, further, "[a]rgument of the facts and the law shall not be contained in such documents." The rule provides that "[l]egal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both." *Id.* While the

7

damage earlier because he was concerned with preserving evidence.  However, in making these general assertions Plaintiff does not explain how such an investigation would have required the destruction of evidence and why an investigation or disclosure could not have been completed absent the destruction of evidence.

Plaintiff, in his initial disclosures under Rule 26, set forth his alleged damages *down to the penny*, and despite his recognition during the course of this case that the damages calculation was inaccurate, never undertook to amend or supplement his disclosure, even when faced with a Court-ordered deadline to do so.  That failure was neither substantially justified nor harmless.  Consequently, the Court shall deny Plaintiff's motion and grant Defendant's cross-motion.

### III.  Conclusion and Order

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

IT IS on this 3rd day of September, 2015,

ORDERED that Plaintiff's motion [ECF No. 25] for an extension of discovery and to assert additional damages claims is denied; and it is further

ORDERED that Defendant's cross motion [ECF No. 26] to preclude Plaintiff from claiming damages in excess of those disclosed by February 6, 2015 is granted; and it is further

ORDERED that Plaintiff is hereby precluded from asserting claims for damages in this action that are in excess of those disclosed to Defendant as of February 6, 2015.

      /s/ Douglas E. Arpert
      DOUGLAS E. ARPERT, U.S.M.J.

---

Court considered the entirety of Plaintiff's papers in reaching its ruling, Plaintiff is hereby warned that future violation of this rule may result in sanctions.